```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

```
GERALD ADKINS, et al.,          )
                                )
     Plaintiffs,                )
                                )
vs.                             )
                                )
REGIONS MORGAN KEEGAN SELECT    )    No. 13-2843
HIGH INCOME FUND, INC., RMK HIGH)
INCOME FUND, INC., RMK STRATEGIC)
INCOME FUND, INC., RMK ADVANTAGE)
INCOME FUND, INC., RMK          )
MULTI-SECTOR HIGH INCOME FUND,  )
INC., REGIONS FINANCIAL         )
CORPORATION, RFC FINANCIAL      )
HOLDING, LLC, and REGIONS       )
INVESTMENT MANAGEMENT, INC.,    )
                                )
     Defendants.                )
                                )
```

## ORDER

Before the Court are Fund[1] Defendants' March 5, 2014 Motion to Dismiss (the "Funds Motion") and Individual[2] Defendants' March

---

[1] The "Fund Defendants" or "Funds" are the Regions Morgan Keegan Select Fund, Inc., ("RMS") (incorrectly sued as the "Regions Morgan Keegan Select Fund High Income") (which includes the RMK Select High Income Fund ("RSH"), RMK Select Short Term Bond Fund ("RSS"), and the RMK Select Intermediate Bond Fund ("RSI")), RMK High Income Fund, Inc. ("RMH"), RMK Strategic Income Fund, Inc. ("RSF"), RMK Advantage Fund, Inc. ("RMA"), and RMK Multi-Sector High Income Fund, Inc. ("RHY"). The names of some of the Funds in this action were changed to Helios Select Fund, Inc., Helios High Income Fund, Inc., RMK Strategic Income Fund, Inc., Helios Advantage Fund, Inc., and Helios Multi-Sector High Income Fund, Inc. after the Funds were acquired by Hyperion Brookfield Asset Management, Inc. on July 29, 2008.

[2] The "Individual Defendants" are Regions Financial Corporation ("Regions"), RFC Financial Holding, LLC ("RFC Holding"), and Regions Investment Management, Inc., formerly known as Morgan Asset Management, Inc. ("MAM").

6, 2014 Motion to Dismiss (the "Individual Motion") (collectively the "Motions to Dismiss"). (Indiv. Motion, ECF No. 10; Funds Motion, ECF No. 8.) Plaintiffs[3] responded to the Funds Motion on March 27, 2014, and to the Individual Motion on March 28, 2014. (Resp. to Funds Motion, ECF No. 15; Resp. to Indiv. Motion, ECF No. 16.) The Individual Defendants replied on April 18, 2014. (Reply, ECF No. 18.) Plaintiffs filed their Surreply on April 22, 2014. (Surreply, ECF No. 22.)

On December 19, 2014, the Individual Defendants filed a Motion to Supplement the Record (the "Motion to Supplement"). (Suppl. Motion, ECF No. 31.) Plaintiffs responded on January 5, 2015. (Resp. to Suppl. Motion, ECF No. 32.)

For the following reasons, the Motions to Dismiss are GRANTED and the Motion to Supplement is DENIED.

**I. Background**

Plaintiffs assert claims based on their purchase of publicly traded securities of the Funds. The Funds are open-end[4] and closed-end[5] mutual funds that were "operated, managed, directed and/or sold by defendants . . . ." (2d Am. Compl. ¶¶ 1, 10-14.) Plaintiffs allege that Defendants invested heavily

---

[3] There are 85 different Plaintiffs. Plaintiffs are enumerated and identified in the Second Amended Complaint Paragraph 9, ECF No. 3.

[4] The open-end Fund is: RMS, which includes RSH, RSS, and RSI. RMS is a Fund Defendant and, as an open-end management investment company, offered three portfolios of common stock: RSH, RSS, and RSI. (2d Am. Compl. ¶ 10.)

[5] The closed-end Funds are: RMH, RSF, RMA, and RHY.

2

in Asset-Backed Securities ("ABS") and, in particular, subprime mortgage-related ABS, in violation of a "fundamental investment limitation" meant to assure diversification of assets in which the Funds could invest. (Id. ¶¶ 41, 51a.) Plaintiffs assert that Defendants misrepresented the types of assets and the true value of the assets in which the Funds invested. (Id. ¶ 51e.) Plaintiffs also allege that the Funds falsely classified their portfolio securities as corporate bonds and preferred stocks in SEC filings, overstated the values of their portfolio securities, mischaracterized the Funds as "high yield," and misrepresented the professional management of the Funds' portfolios. (Id. ¶ 59.)

## II. Jurisdiction and Choice of Law

Plaintiffs bring claims under the federal securities laws, 15 U.S.C. Sections 77k, 77l, 77o, 78j(b), 78t(a), and 17 C.F.R. Section 240.10b-5. The Court has federal question jurisdiction over those claims under 28 U.S.C. Section 1331. Plaintiffs bring a vicarious liability claim. The Court has supplemental jurisdiction over that claim under 28 U.S.C. Section 1367.

Plaintiffs' vicarious liability claim is based in tort law. Tennessee applies the "most significant relationship" approach to tort disputes. Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992). That approach dictates that the "law of the state where the injury occurred will be applied unless some other state has

a more significant relationship to the litigation." Id. There are 85 Plaintiffs across 13 States. (2d Am. Compl. ¶ 9). Forty-two of the Plaintiffs reside in Tennessee. (Id.) Twenty-six reside in Alabama. (Id.) The other 11 States contain four or fewer Plaintiffs each. (Id.) Most of the Plaintiffs' injuries occurred in Tennessee, where nearly half of the Plaintiffs reside. (Id.) Tennessee law applies to Plaintiffs' vicarious liability claim.

**III. Standard of Review**

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per

4

curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555.)

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

Where a plaintiff alleges fraud, including securities fraud, it must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Frank v. Dana Corp., 547 F.3d 564, 569-70 (6th Cir. 2008). Rule 9(b) requires that a party "alleging fraud or mistake . . . state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The heightened pleading standard mandates that plaintiffs alleging fraud 1) specify which statements were

5

fraudulent, 2) identify the defendant(s) who made the fraudulent statements, 3) describe "when and where the statements were made" and 4) "explain why the statements were fraudulent." Frank, 547 F.3d at 570 (citation and internal quotation marks omitted). "At a minimum, [p]laintiffs must allege the time, place and contents of the misrepresentations upon which they relied" to satisfy Rule 9. Id. (citing Bender v. Southland Corp, 749 F.2d 1205, 1216 (6th Cir. 1984)).

**IV. Analysis**

Defendants argue that the applicable statutes of repose bar Plaintiffs' claims. Plaintiffs respond that American Pipe tolled their claims while the class certification issue was pending, and their claims are timely. American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974).

**A. American Pipe Does Not Toll Statutes of Repose**

In Lampf, the Supreme Court addressed whether every "limitations period [that] is applicable to § 10(b) claims . . . must be subject to the doctrine of equitable tolling." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 363 (1991). The Supreme Court held that "period[s] of repose [are] inconsistent with tolling." Id. "Because the purpose of the [period of repose] is clearly to serve as a cutoff, [the

6

Supreme Court held] that tolling principles do not apply to that period." Id. at 363.

American Pipe tolling is properly classified as "equitable". Although the Court has found no explicit classification in controlling authority, the Supreme Court and the Sixth Circuit clearly rely on that classification.

> The authority of a federal court, sitting as a chancellor, to toll a statute of limitations on equitable grounds is a well-established part of our jurisprudence. See, e. g., American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974) . . . .
>
> Greyhound Corp. v. Mt. Hood Stages, Inc., 437 U.S. 322, 338 n.* (1978).
>
> Initially, it should be noted that the plaintiffs have not discussed whether the two assumptions above are valid, and particularly whether the limitations period in Tye would be subject to equitable tolling under precedent such as American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974) (commencement of a class action tolls the limitations period for every member of the alleged class at least until the court decides whether to certify the class) . . . .
>
> Youngblood v. Dalzell, 925 F.2d 954, 959 (6th Cir. 1991).
>
> It is also settled that equitable tolling based on fraudulent concealment is to be narrowly applied since "[s]tatutes of limitation are vital to the welfare of society and are favored in the law." As the Supreme Court has stated, at some point "the right to be free of stale claims ... comes to prevail over the right to prosecute them." American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974) . . . .
>
> Hill v. U.S. Dep't of Labor, 65 F.3d 1331, 1336 (6th Cir. 1995) (some internal citations omitted).

7

Lampf holds that equitable tolling does not apply to statutes of repose. Greyhound, Youngblood, and Hill make clear that American Pipe tolling is properly classified as an equitable doctrine. American Pipe does not toll statutes of repose.

**B. Plaintiffs' Claims and the Applicable Statutes of Repose**

Plaintiffs filed this suit on October 25, 2013. (See ECF No. 1.) Plaintiffs amended the Complaint on January 9, 2014, and on December 15, 2014. (2d Am. Compl., ECF No. 3; Order, ECF No. 30.)[6]

The Second Amended Complaint alleges six causes of action. (2d Am. Compl. ¶¶ 151-207.) Count I alleges that the Funds and the Director Non-Defendants[7] violated Section 11 of the '33 Act, 15 U.S.C. § 77k ("Section 11"). (2d Am. Compl. ¶¶ 151-64.) Count II alleges that the Funds and Non-Defendant James C. Kelsoe, Jr. ("Kelsoe") violated Section 12(a)(2) of the '33 Act, 15 U.S.C. § 77l(a)(2) ("Section 12(a)(2)").[8] (Id. ¶¶ 165-77.)

---

[6] On May 30, 2014, Adkins filed an unopposed Motion for Leave to Amend Claim. (ECF No. 26.) On December 15, 2014, the Court granted Adkins' Motion and amended the Second Amended Complaint to assert Adkins' claims in his capacity as trustee of the Gerald Adkins Irrevocable Trust. (ECF No. 30.)

[7] "Director Non-Defendants" are Allen B. Morgan, Jr., J. Kenneth Alderman, Jack R. Blair, Albert C. Johnson, William Jeffries Mann, James Stillman R. McFadden, W. Randall Pittman, Archie W. Willis, III, Carter E. Anthony ("Anthony"), Brian B. Sullivan ("Sullivan"), Charles D. Maxwell, Joseph C. Weller, and J. Thompson Weller.

[8] Plaintiffs allege that the Funds are liable to Plaintiffs. (2d Am. Compl. ¶ 164.) "Although not naming [the Director Non-Defendants] as defendants herein, [P]laintiffs claim that they violated the securities laws . . . ." (Id. ¶ 37.)

8

Count III alleges that MAM, RFC Holding, and Regions were "control persons" under Section 15 of the '33 Act, 15 U.S.C. § 77o ("Section 15"). (Id. ¶¶ 178-87.) Count IV alleges that the Funds and the Officer Non-Defendants[9] violated Section 10(b) of the '34 Act, 15 U.S.C. § 78j(b) ("Section 10(b)"), and Rule 10b-5 promulgated thereunder, 17 C.F.R § 240.10b-5 ("Rule 10b-5").[10] (Id. ¶¶ 188-96.) Count V alleges that MAM, RFC Holding, and Regions were "control persons" under Section 20(a) of the '34 Act, 15 U.S.C. § 78t(a) ("Section 20(a)"). (Id. ¶¶ 197-202.) Count VI alleges that MAM is vicariously liable for Kelsoe's alleged violations in Counts II and IV. (Id. ¶¶ 203-207.)

The time to file a Section 11 claim expires three years after the security was bona fide offered to the public. 15 U.S.C. § 77m[11] ("Section 77m"). The time to file a Section 12(a)(2) claim expires three years after the sale. Id. The time to file a Section 15 claim, which provides liability for those who control any person who has violated Section 11 or 12, expires when Section 77m bars claims against the controlled

---

[9] "Officer Non-Defendants" are Kelsoe, Sullivan, Joseph C. Weller ("Weller"), and Anthony.

[10] Plaintiffs allege that the Funds are liable to Plaintiffs. (2d Am. Compl. ¶ 195.) "Although not naming [the Officer Non-Defendants] as defendants herein, [P]laintiffs claim that they violated the securities laws . . . ." (Id. ¶ 37.)

[11] Although Section 77m provides other limitations, the Court's analysis is limited to the period of repose.

9

person.  Herm v. Stafford, 663 F.2d 669, 679 (6th Cir. 1981). Counts I, II, and III assert claims under Sections 11, 12(a)(2), and 15, and are subject to Section 77m.

The time to file a Section 10(b) claim expires five years after the violation.  28 U.S.C. § 1658(b)[12] ("Section 1658(b)"); Merck & Co., Inc. v. Reynolds, 559 U.S. 633 (2010) (applying Section 1658(b) to a Section 10(b) claim).  Rule 10b-5 is subject to the same limitation.  Cf. Lampf, 501 U.S. at 364 (subjecting plaintiffs' Section 10(b) and Rule 10b-5 claims to the same limitation, which is now codified under Section 1658(b)).  Because Plaintiffs' Section 20(a) claim is predicated on fraudulent acts, it is also governed by Section 1658(b).  In Tennessee, the time to file a vicarious liability claim for a securities law violation, based in fraud, is five years after the violation.[13]  Tenn. Code Ann. § 48-1-122(h).  Counts IV and V assert claims under Section 10(b) and Rule 10b-5, and are governed by Section 1658(b).  Count VI is a vicarious liability claim based on the fraudulent acts alleged in Counts II and IV[14], and is subject to Tenn. Code Ann. Section 48-1-22(h).

---

[12] Although Section 1658(b) provides other limitations, the Court's analysis is limited to the period of repose.

[13] Although Tenn. Code Ann. Section 48—1—122(h) provides other limitations, the Court's analysis is limited to the period of repose.

[14] Count II asserts claims under Section 12(a)(2), and Count IV asserts claims under Section 10(b) and Rule 10b-5.  Because both Counts II and IV are based on fraudulent acts, Count VI as well.

10

**C. Plaintiffs' Claims are Untimely**

Defendants assert that, absent tolling, the applicable statutes of repose bar Plaintiffs' claims. (Reply at 2.) In their Response to the Funds Motion, Response to the Individual Motion, Surreply, and Response to Motion to Supplement, the Plaintiffs do not dispute that fact. (ECF Nos. 15, 16, 22, and 32.) Nor could they. Plaintiffs allege that "[t]he defendants engaged in unlawful conduct in connection with the sale of the RMK Funds to plaintiffs during the years 2002-2008 . . . ." (2d Am. Compl. ¶¶ 2, 9.) Even assuming Defendants engaged in unlawful conduct on December 31, 2008, Plaintiffs' claims asserted in Count I, II, and III are untimely. Under Section 77m, Plaintiffs had three years from December 31, 2008, or until December 31, 2011, to file the Count I, II, and III claims. Plaintiffs filed this suit on October 25, 2013. (See ECF No. 1.) Plaintiffs' claims asserted in Counts I, II, and III are untimely.

Plaintiffs' claims asserted in Counts IV, V, and VI are also untimely. Plaintiffs allege that the Defendants, through the Officer Non-Defendants, "prepared, approved, signed and/or disseminated the offering materials and financial statements of the RMK Funds, which contained untrue statements of material fact and/or omitted facts necessary to make the statements

11

therein not misleading." (2d Am. Compl. § 191.) Plaintiffs rely on disclosures made through March 6, 2008. (Id. ¶¶ 48, 130; see also ¶ 120.) Because those Counts rely on violations that occurred through March 6, 2008, Plaintiffs' claims asserted in those Counts are untimely if filed more than five years later, or after March 6, 2013, pursuant to Section 1658(b) and Tenn. Code Ann. Section 48-1-22(h). Plaintiffs filed this suit on October 25, 2013. (See ECF No. 1.) Plaintiffs' claims asserted in Counts IV, V, and VI are untimely.

For the foregoing reasons, the Motions to Dismiss are GRANTED. All of Plaintiffs' Claims are DISMISSED. The Motion to Supplement is DENIED as moot.

So ordered this 31st day of March, 2015.

                                      s/ Samuel H. Mays, Jr.
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE