IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| GERALD ADKINS, et al.,      )  | |
|                             )  | |
|     Plaintiffs,             )  | |
|                             )  | |
| v.                          )  | |
|                             )  | |
| REGIONS MORGAN KEEGAN SELECT )  | No. 13-2843 |
| HIGH INCOME FUND, INC., RMK HIGH ) | |
| INCOME FUND, INC., RMK STRATEGIC ) | |
| INCOME FUND, INC., RMK ADVANTAGE ) | |
| INCOME FUND, INC., RMK      )  | |
| MULTI-SECTOR HIGH INCOME FUND, ) | |
| INC., REGIONS FINANCIAL     )  | |
| CORPORATION, RFC FINANCIAL  )  | |
| HOLDING, LLC, and REGIONS   )  | |
| INVESTMENT MANAGEMENT, INC., )  | |
|                             )  | |
|     Defendants.             )  | |
|                             )  | |

---

**ORDER**

---

Before the Court is Plaintiffs' April 14, 2015 Motion for Reconsideration pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure (the "Motion").[1]  (Motion, ECF Nos. 37, 38.)[2]

---

[1] There are 110 original Plaintiffs, some of whom are trustees for multiple trusts.  Plaintiffs are enumerated and identified in the Second Amended Complaint Paragraph 9, ECF No. 3.  After the Second Amended Complaint was filed, six Plaintiffs filed Notices of Voluntary Dismissal.  One Plaintiff was granted leave to amend to assert claims in his capacity as trustee in addition to his pending claims in his individual capacity.

[2] ECF No. 37 is the Motion for Reconsideration and No. 38 is the accompanying memorandum.

The Fund[3] Defendants and the Individual[4] Defendants (collectively, the "Defendants") responded to the Motion on April 28, 2015. (Responses, ECF Nos. 39, 40.) Plaintiffs replied on May 1, 2015. (Replies, ECF Nos. 43, 44.)

Also before the Court are the Fund Defendants' March 5, 2014 Motion to Dismiss (the "Funds Motion"), Individual Defendants' March 6, 2014 Motion to Dismiss (the "Individual Motion") (collectively, the "Motions to Dismiss"), and the Individual Defendants' unopposed December 19, 2014 Motion to Supplement the Record (the "Motion to Supplement"). (Indiv. Motion, ECF Nos. 10,11; Funds Motion, ECF Nos. 8,9; Motion to Supplement, ECF No. 31.) Plaintiffs responded to the Funds Motion on March 27, 2014 (Resp. to Funds Motion, ECF No. 15.) They responded to the Individual Motion on March 28, 2014. (Resp. to Indiv. Motion, ECF No. 16.) They responded to the Motion to Supplement on January 5, 2014. (Response to Supplement, ECF No. 32.) The Individual Defendants replied on

---

[3] The "Fund Defendants" or the "Funds" are the Regions Morgan Keegan Select Fund, Inc., ("RMS") (incorrectly sued as the "Regions Morgan Keegan Select High Income Fund, Inc.") (which includes the RMK Select High Income Fund ("RSH"), RMK Select Short Term Bond Fund ("RSS"), and the RMK Select Intermediate Bond Fund ("RSI")), RMK High Income Fund, Inc. ("RMH"), RMK Strategic Income Fund, Inc. ("RSF"), RMK Advantage Fund, Inc. ("RMA"), and RMK Multi-Sector High Income Fund, Inc. ("RHY"). The names of some of the Funds in this action were changed to Helios Select Fund, Inc., Helios High Income Fund, Inc., RMK Strategic Income Fund, Inc., Helios Advantage Fund, Inc., and Helios Multi-Sector High Income Fund, Inc. after the Funds were acquired by Hyperion Brookfield Asset Management, Inc. on July 29, 2008.

[4] The "Individual Defendants" are Regions Financial Corporation ("Regions"), RFC Financial Holding, LLC ("RFC Holding"), and Regions Investment Management, Inc., formerly known as Morgan Asset Management, Inc. ("MAM").

2

April 18, 2014. (Indiv. Reply, ECF No. 18.) The Fund Defendants did not reply. Plaintiffs filed a surreply to the Individual Motion on April 22, 2014. (Surreply to Indiv. Motion, ECF No. 22.)

For the following reasons, the Motion is GRANTED, the Judgment is VACATED, and the Motions to Dismiss and the Motion to Supplement are DENIED without prejudice.

## I. Background

Plaintiffs assert claims based on their purchase of publicly traded securities of the Funds. The Funds are open-end[5] and closed-end[6] mutual funds that were "operated, managed, directed and/or sold by defendants . . . ." (2d Am. Compl., ECF No. 3 at ¶¶ 1, 10-14.) Plaintiffs allege that Defendants invested heavily in Asset-Backed Securities ("ABS") and, in particular, subprime mortgage-related ABS, in violation of a "fundamental investment limitation" meant to assure diversification of assets in which the Funds could invest. (Id. at ¶¶ 41, 51a.) Plaintiffs allege that Defendants misrepresented the types of assets and the true value of the assets in which the Funds invested. (Id. at ¶ 51e.) Plaintiffs also allege that the Funds falsely classified their portfolio

---

[5] The open-end Fund is: RMS, which includes RSH, RSS, and RSI. RMS is a Fund Defendant and, as an open-end management investment company, offered three portfolios of common stock: RSH, RSS, and RSI. (2d Am. Compl. at ¶ 10, 38 n.1.)

[6] The closed-end Funds are: RMH, RSF, RMA, and RHY. (Id. at ¶ 38 n.1.)

securities as corporate bonds and preferred stocks in SEC filings, overstated the values of their portfolio securities, mischaracterized the Funds as "high yield," and misrepresented the professional management of the Funds' portfolios. (Id. at ¶ 59.)

On March 31, 2015, the Court decided that American Pipe tolling is equitable tolling and does not apply to statutes of repose. American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974). The Court granted Defendants' March 5, 2014 and March 6, 2014 Motions to Dismiss because Plaintiffs' claims were untimely (the "Disputed Order"). (Motions to Dismiss, ECF Nos. 8-11; Disputed Order, ECF No. 35.) Judgment in favor of Defendants was entered on March 31, 2015. (Judgment, ECF No. 36.)

Plaintiffs timely filed their Motion on April 14, 2015. (Motion, ECF Nos. 37,38.) Plaintiffs contend that the Disputed Order conflicts with the Court's orders in Willis,[7] Stein, and Starnes. In re Regions Morgan Keegan Closed-End Fund Litigation, No. 07-2830; Andrew M. Stein, et al. v. Regions Morgan Keegan Select High Income Fund, Inc., et al., No. 13-2841; Michael S. Starnes, et al. v. Regions Morgan Keegan Select High Income Fund, Inc., et al., No. 13-2839. Plaintiffs argue

---

[7] Willis became part of the In re Regions Morgan Keegan Closed-End Fund Litigation, No. 07-2830, which was the subject of a class action settlement agreement.

4

that they were members of the putative class action in Willis when the Court issued an order concluding that American Pipe applies to statutes of repose, and that they relied on the Court's order when filing this action. (Motion, ECF No. 38 at 5.) To prevent injustice and inconsistency with an almost identical case on which Plaintiffs relied, they argue that the Court's decision in Willis should be deemed the law of the case and/or the Court should apply collateral estoppel in this case. (Id. at 1;5.) Plaintiffs also argue that the Court was incorrect in its analysis in the Disputed Order because American Pipe tolling is legal tolling, which applies to statutes of repose. (Id. at 1-4.)

## II. Standard of Review

"Although the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration, they are commonly treated as either a Rule 59(e) motion or Rule 60(b) motion." McCorkle v. Tennessee Valley Authority, No. 3:11-CV-168, 2012 WL 1188465, at *2 (E.D. Tenn. April 9, 2012) (citing Hood v. Hood, 59 F.3d 40, 43 n.1 (6th Cir. 1995)). Where, as here, the motion is ambiguous as to whether it is filed under Rule 59 or Rule 60, courts treat it as a Rule 59 motion as long as it is timely. Hood, 59 F.3d at 43 n.1.

The purpose of Rule 59(e) is to "allow the district court to correct its own errors, sparing the parties and appellate

5

courts the burden of unnecessary appellate proceedings." Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks omitted). Rule 59(e) allows the court to alter, amend, or vacate a judgment. Fed. R. Civ. P. 59(e); Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982) (citing Foman v. Davis, 371 U.S. 178, 181 (1962)).

A court may grant a Rule 59(e) motion if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). Courts in this circuit have interpreted manifest injustice as a showing that "there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." McDaniel v. Am. Gen. Fin. Serv., Inc., No. 04-2667B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007); In re Bunting Bearings Corp., 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004); Hazelrigg v. Kentucky, No. 5:13-cv-148-JMH, 2013 WL 3568305, at *1 (E.D. Ky. July 11, 2013). Although some courts' local rules require the moving party to show that the disposition of the case would have been different, the Western District of Tennessee has no such rule. See Shepard v. U.S., No. 09-10457, 2009 WL 3106554, at *1 (E.D. Mich. Sept. 18, 2009) (citing E.D. Mich. R. 7.1(g)(3)).

6

Federal Rule of Civil Procedure 60(b) permits a court to grant a party relief from an order or judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The standard for granting a Rule 60(b) motion is significantly higher than the standard under Rule 59(e). Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 268 (6th Cir. 1998).

**III. Analysis**

    **A. Motion for Reconsideration**

Plaintiffs are entitled to relief from the Judgment under Rule 59(e) to prevent a manifest injustice because the Court failed to follow the law of the case doctrine in the Disputed Order.

The law of the case doctrine provides that, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the case." Stryker Corp. v. TIG Ins. Co., No. 1:05-cv-51, 2014 WL 198678,

7

at *2 (W.D. Mich. Jan. 15, 2014) (quoting Pepper v. United States, 131 S. Ct. 1229, 1250 (2011)). "Law of the case directs a court's discretion, it does not limit the tribunal's power." Arizona v. California, 460 U.S. 605, 618 (1983). Under the law of the case doctrine, the court can depart from its past decisions on an issue if there is an intervening change in controlling authority, new evidence, or a finding that the court's prior decisions were clearly erroneous and would work a manifest injustice. United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994).

Although the doctrine ordinarily applies to decisions within a single case, courts also apply it to separate cases that arise from a single action or that are practically identical. See United States v. Corrado, 227 F.3d 528, 532-33 (6th Cir. 2000) (applying the law of the case doctrine to deny an argument presented by defendants that had been rejected on an earlier appeal by their co-defendant); Disimone v. Browner, 121 F.3d 1262, 1266-67 (9th Cir. 1997) (applying the law of the case doctrine to an action filed against the Environmental Protection Agency ("EPA") by different plaintiffs because the court had already decided the issue against the EPA in a prior case). "No litigant deserves an opportunity to go over the same ground twice, hoping that the passage of time or changes in the composition of the court will provide a more favorable result

8

the second time." Disimone, 121 F.3d at 1266 (quoting Gindes v. United States, 740 F.2d 947, 949 (Fed. Cir. 1984)). "[T]he fact that different citizen petitioners brought the present suit need not preclude application of the law of the case doctrine because both suits were brought against the same agency, about the same issue, and on behalf of the same citizen population." Id. at 1267.

In In re Jackson Nat. Life Ins. Co. Premium Litigation, 209 F.R.D. 134, 138 (W.D. Mich. 2002), the court addressed the law of the case doctrine in multidistrict litigation. Plaintiffs moved to certify a class based on a theory that the court had denied in two other actions within the multidistrict litigation. Id. Following its prior decisions, the court noted that "the [law of the case] doctrine is particularly applicable in multidistrict litigation where the claims of numerous diverse parties might otherwise result in continuous relitigation of the same issues." Id.

Whether American Pipe applies to statutes of repose divides the Courts of Appeals. See Police and Fire Retirement System of City of Detroit v. IndyMac MBS, Inc., 721 F.3d 95, 108 (2d Cir. 2013), cert. granted sub nom. Public Employees' Retirement System of Mississippi. v. IndyMac MBS, Inc., 134 S. Ct. 1515 (2014), cert. dismissed as improvidently granted, 135 S. Ct. 42 (2014). The Supreme Court refrained from classifying American

9

Pipe tolling as legal or equitable in Credit Suisse Securities (USA) LLC v. Simmonds, 132 S. Ct. 1414, 1419 n.6 (2012).[8] The Sixth Circuit has not clearly decided this issue.

Defendants argue that the Supreme Court's reversal of its grant of certiorari in Indymac, before the Disputed Order, constitutes an intervening change in controlling law so that the conclusion that American Pipe does not toll statues of repose is correct. (Response, ECF No. 39 at 2 (citing Indymac, 135 S. Ct. at 42).) The Supreme Court has instructed that, because of the variety of considerations that underlie a decision to deny certiorari, it "imports no expression of opinion upon the merits of the case." Teague v. Lane, 489 U.S. 288, 296 (1989) (internal quotation marks omitted).

The reasoning in In re Jackson Nat. Life Ins. Co. Premium Litigation, Disimone, and Corrado is instructive here. This action is related to almost identical cases filed in In re Regions Morgan Keegan Securities, Derivative and ERISA Litigation. The Court has found in numerous related cases, including Willis, that American Pipe tolls statutes of repose.

---

[8] In United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015), the Supreme Court considered whether a provision of the Federal Tort Claims Act was subject to equitable tolling. Rejecting the Government's argument that the provision was a jurisdictional limitation, the Court cited American Pipe: "nothing in [the provision 'shall be forever barred'] restricts the power of the federal courts to extend a limitations period when circumstances warrant." Kwai Fun Wong, 135 S. Ct. at 1634 (citing American Pipe, 414 U.S. at 559). Although that language supports the argument that American Pipe tolling is equitable, it is not sufficiently clear to support the Court's decision in the Disputed Order.

10

A number of the Plaintiffs were members of the putative class in Willis before filing this action. Parties in the multidistrict litigation have relied on the Court's past decisions. There was no intervening change in authority, new evidence, or finding that the Court's past decisions were clearly erroneous to justify the Court's failure to follow the law of the case doctrine in the Disputed Order.

Defendants argue that the "vast majority" of Plaintiffs had opted out of Willis before the order in that case deciding that American Pipe tolls statutes of repose. (Response, ECF No. 39 at 3 n.3.) Even if that be true, the purposes of the law of the case doctrine, to maintain consistency and prevent the continual relitigation of issues, would apply. That some Plaintiffs opted out before the order in Willis addressing American Pipe does not warrant the dismissal of this action.

The Court's failure to follow the law of the case doctrine constitutes a manifest injustice sufficient to warrant relief under Rule 59(e). The purpose of the law of the case doctrine is to maintain consistency and prevent continual relitigation of issues. A failure to adhere to it would lead to inequitable results among Plaintiffs who were members of the same multidistrict litigation and the same putative classes, contrary to applicable policy. The Motion is GRANTED and the Judgment is VACATED.

11

### B. Motions to Dismiss and Motion to Supplement

In the Individual Defendants' response to the Motion, they state that, should the Court find that American Pipe applies to statutes of repose, they reassert the arguments made in their Motion to Dismiss. (Response, ECF No. 39.) The Fund Defendants join the Individual Defendants' response, reasserting the arguments made in the Individual Defendants' Motion to Dismiss and their own Motion to Dismiss. (Response, ECF No. 40.) After vacating a judgment under Rule 59(e), courts may revisit the defendant's motion to dismiss to determine whether the plaintiff's claims should be dismissed for an alternative reason. Clark v. EA Entertainment Television, LLC, 60 F. Supp. 3d 838, 845 (M.D. Tenn. 2014).[9]

#### 1. Timeliness and Res Judicata

Defendants have attached exhibits to the Motions to Dismiss and the Motion to Supplement, arguing that all but three Plaintiffs initiated a Financial Industry Regulatory Authority ("FINRA") arbitration claim, joined in a complaint filed in the Circuit Court of Jefferson County, Alabama, against Regions Bank, MAM, James C. Kelsoe ("Kelsoe"), and 50 fictitious parties

---

[9] Although the responses do not explicitly mention the Motion to Supplement, the Court construes the reassertion of the Motions to Dismiss to include the Motion to Supplement because the Motion to Supplement is unopposed and its purpose is to provide additional exhibits for the Court to consider in deciding the Motions to Dismiss.

12

(the "Rice Case"), opted out of Willis years before its resolution, or failed to opt out of the settlement class in In re Regions Morgan Keegan Closed-End Fund Litigation. (Motions to Dismiss, ECF Nos. 9,11; Indiv. Reply, ECF No. 18; Motion to Supplement, ECF No. 31.) Plaintiffs have attached exhibits to their responses to the Motions to Dismiss. (Responses to Motions to Dismiss, ECF Nos. 15,16; Response to Supplement, ECF No. 32.) The parties rely on those exhibits to support their arguments about timeliness and res judicata.

"When reviewing a motion to dismiss, the district court may not consider matters beyond the complaint." Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 613 (6th Cir. 2009). "If the district court does consider evidence outside the complaint, it effectively converts the motion to dismiss to a motion for summary judgment." Id. (internal quotation marks omitted). The Sixth Circuit generally takes "a liberal view of what matters fall within the pleadings for purposes of" a motion to dismiss. Armengau v. Cline, 7 F. App'x 336, 344 (6th Cir. 2001). That does not mean that a court may consider any and all materials the parties submit. Motions to dismiss test the sufficiency of the complaint. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (2d ed. 1990). If a court considers matters outside the pleadings, it must treat the motion as one for summary judgment, give notice to the parties,

13

and allow supplementation of the record. Fed. R. Civ. P. 12(d); Armengau, 7 F. App'x at 343. Documents attached to a motion to dismiss may be considered part of the pleadings if they are "referred to in a complaint and central to the claim." Armengau, 7 F. App'x at 343. A court may also consider public records, decisions of governmental agencies, and matters of which it may take judicial notice. J.P. Silverton Industries L.P. v. Sohm, 243 F. App'x 82, 87 (6th Cir. 2007). The Court has discretion to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." United States v. Greene, No. 99-1852, 2000 WL 377076, at *2 (6th Cir. April 7, 2000) (unpublished table decision) (per curiam) (citing Fed. R. Evid. 201). The court may not take judicial notice of hearsay. Id.

None of the exhibits is referred to in the Second Amended Complaint. Although some are public records, others are not. According to FINRA, only parties to the arbitration may obtain documents other than the FINRA Award. FINRA Administrative FAQ, www.finra.org (last visited, March 4, 2016). The parties have attached private FINRA documents and other private documents for the Court's consideration, including FINRA Statements of Claims,

14

e-mails, and letters. Although Plaintiffs do not dispute the accuracy of the attached FINRA Statements of Claims or letters and e-mails, the Court finds that it cannot readily determine the accuracy of the sources as required for judicial notice. Defendants fail to assert how they obtained the private documents. The Court has no way to know whether any of the Statements of Claims were subsequently amended or dismissed. Many of the e-mails and letters were written by non-parties and qualify as hearsay under Fed. R. Evid. 801 because they are offered for the truth of the matter asserted. Because it is not possible to determine the threshold issues of timeliness or res judicata for the 105 remaining Plaintiffs without considering the exhibits, a motion to dismiss is not the proper vehicle to decide those issues.

### 2. Remaining Arguments

Because the Court cannot address the threshold issues of timeliness and res judicata, it cannot decide which Plaintiffs remain parties to the case. Counts One, Two, and Three in the Second Amended Complaint are brought only by Plaintiffs who invested in RSH, RSI, and RHY. (2d Am. Compl., ECF No. 3.) Because the Court does not know which Plaintiffs remain and Plaintiffs have not stated who invested in those funds, the Court cannot determine what claims remain. A motion to dismiss

is not the proper method for resolving the issues currently before the Court.

**IV. CONCLUSION**

Relief from the Judgment is appropriate under Fed. R. Civ. P. 59(e) because the Court failed to follow the law of the case doctrine in the Disputed Order. Plaintiffs' Motion is GRANTED, and the Judgment is VACATED. The Court cannot decide which claims remain because, to determine which Plaintiffs are still parties to the case, the Court must determine the threshold issues of timeliness and res judicata. The parties have submitted documents outside the pleadings addressing those issues. A motion to dismiss is not the proper means to make the necessary determination. The Motions to Dismiss and the Motion to Supplement are DENIED without prejudice.

So ordered this 9th day of March, 2016.

                                        s/ Samuel H. Mays, Jr.
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE