IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| GERALD ADKINS, et al.,            ) | |
| ) | |
| Plaintiffs,                       ) | |
| ) | |
| v.                                ) | |
| ) | |
| REGIONS MORGAN KEEGAN SELECT      ) | No. 13-2843 |
| HIGH INCOME FUND, INC., RMK HIGH  ) | |
| INCOME FUND, INC., RMK STRATEGIC  ) | |
| INCOME FUND, INC., RMK ADVANTAGE  ) | |
| INCOME FUND, INC., RMK            ) | |
| MULTI-SECTOR HIGH INCOME FUND,    ) | |
| INC., REGIONS FINANCIAL           ) | |
| CORPORATION, RFC FINANCIAL        ) | |
| HOLDING, LLC, and REGIONS         ) | |
| INVESTMENT MANAGEMENT, INC.,      ) | |
| ) | |
| Defendants.                       ) | |
| ) | |

---

**ORDER**

---

Before the Court is Defendants RFC Financial Holding, LLC, Regions Financial Corporation, and Regions Investment Management, Inc.'s (the "Financial Defendants") April 21, 2016 Motion for Reconsideration and to Alter, Amend, and Set Aside Court Order Denying Motion to Dismiss, or in the Alternative, Motion to Stay or Motion for Interlocutory Appeal ("Defendants' Motion for Reconsideration"). (ECF No. 46.) Also before the

Court is the Fund Defendants'[1] April 21, 2016 Motion for Joinder in Support of Co-Defendants' Motion for Reconsideration (the "Joinder Motion"). (ECF No. 47.) Plaintiffs have not responded to these motions and the time for doing so has passed.

Also before the Court are the Fund Defendants' March 5, 2014 Motion to Dismiss (the "Funds' Motion to Dismiss") and the Financial Defendants' March 6, 2014 Motion to Dismiss (the "Financial Motion to Dismiss") (collectively, the "Motions to Dismiss"). (ECF Nos. 8, 9, 10, 11.)[2] Plaintiffs responded to the Funds' Motion to Dismiss on March 27, 2014. (ECF No. 15.) Plaintiffs responded to the Financial Motion to Dismiss on March 28, 2014. (ECF No. 16.) The Financial Defendants replied on April 18, 2014. (ECF No. 18.) The Fund Defendants did not reply. Plaintiffs filed a surreply to the Financial Motion to Dismiss on April 22, 2014. (ECF No. 22.)

For the following reasons, Defendants' Motion for Reconsideration, the Joinder Motion, and the Motions to Dismiss are GRANTED.

**I.   Background**

---

[1] The "Fund Defendants" are the Helios Select Fund, Inc. (formerly Morgan Keegan Select Fund, Inc. incorrectly sued as Regions Morgan Keegan Select High Income Fund, Inc.), Helios High Income Fund, Inc. (formerly RMK High Income Fund, Inc.), Helios Strategic Income Fund, Inc. (formerly RMK Strategic Income Fund, Inc.), Helios Advantage Income Fund, Inc. (formerly RMK Advantage Income Fund, Inc.), and Helios Multi-Sector High Income Fund, Inc. (formerly RMK Multi-Sector High Income Fund, Inc.).

[2] ECF Nos. 8 and 10 are the Motions to Dismiss, and Nos. 9 and 11 are the accompanying memoranda.

Plaintiffs[3] assert claims based on their purchase of publically traded securities of the Funds. The Funds are mutual funds that were "operated, managed, directed and/or sold by defendants . . . ." (2d Am. Compl., ECF No. 3 at ¶¶ 1, 10-14.) Plaintiffs allege that Defendants invested heavily in Asset-Backed Securities ("ABS") and, in particular, subprime mortgage-related ABS, in violation of a "fundamental investment limitation" meant to assure diversification of assets in which the Funds could invest. (Id. at ¶¶ 41, 51a.) Plaintiffs allege that Defendants misrepresented the types of assets and the true value of the assets in which the Funds invested. (Id. at ¶ 51e.) Plaintiffs also allege that the Funds falsely classified their portfolio securities as corporate bonds and preferred stocks in SEC filings, overstated the values of their portfolio securities, mischaracterized the Funds as "high yield," and misrepresented the professional management of the Funds' portfolios. (Id. at ¶ 59.)

In March 2014, Defendants filed their Motions to Dismiss. They collectively argued that, inter alia, all of Plaintiffs'

---

[3] There are 110 original Plaintiffs, some of whom are trustees for multiple trusts. Plaintiffs are enumerated and identified in the Second Amended Complaint Paragraph 9. (ECF No. 3 at ¶ 9.) After the Second Amended Complaint was filed, six Plaintiffs filed Notices of Voluntary Dismissal. One Plaintiff was granted leave to amend to assert claims in his capacity as trustee in addition to his pending claims in his individual capacity. (ECF No. 30.)

claims are barred by the applicable statutes of repose. (ECF No. 9 at 8-10; ECF No. 11 at 17-19.)

On March 31, 2015, the Court granted the Motions to Dismiss (the "Dismissal Order"). (ECF No. 35.) The Court ruled that Plaintiffs' claims were barred by the applicable statutes of repose. (Id. at 11-12.) The Court rejected Plaintiffs' argument that American Pipe tolling applies to statutes of repose. (Id. at 6-8 (discussing American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974), and related authorities).) The Court granted Defendants' Motions to Dismiss because Plaintiffs' claims were untimely. (Id. at 11-12.) Judgment in favor of Defendants was entered on March 31, 2015. (ECF No. 36.)

On April 14, 2015, Plaintiffs filed a Motion for Reconsideration and to Alter, Amend, and Set Aside Order Granting Motion to Dismiss and Final Judgement pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure ("Plaintiffs' Motion for Reconsideration"). (ECF Nos. 37, 38.)[4] Plaintiffs argued that the Dismissal Order and accompanying Judgment should be set aside. (Id.) They contended that, inter alia, the Court erred in ruling that Plaintiffs' claims were barred by the

---

[4] ECF No. 37 is Plaintiffs' Motion for Reconsideration, and No. 38 is the accompanying memorandum.

4

applicable statutes of repose and were therefore untimely. (Id.)

On March 9, 2016, the Court granted Plaintiffs' Motion for Reconsideration (the "Reconsideration Order"). (ECF No. 45.) The Court decided that Plaintiffs were entitled to relief from the Judgment under Rule 59(e) to prevent a manifest injustice because the Court failed to follow the law of the case doctrine in the Dismissal Order. (Id. at 7.) Because the Sixth Circuit had not clearly decided whether American Pipe tolling applied to statutes of repose, and because the Court had found in related cases that American Pipe tolling applied to statutes of repose, the Court ruled that the law of the case doctrine compelled it to find that American Pipe tolling applied to Plaintiffs' claims and that their claims were not barred by the applicable statutes of repose. (Id. at 9-11.) After determining that Plaintiffs' claims were not barred by the applicable statutes of repose, the Court addressed the remaining arguments in Defendants' Motions to Dismiss. (Id. at 12-16.) The Court concluded that a motion to dismiss was not the proper vehicle for addressing those arguments. (Id.) The Court denied Defendants' Motions to Dismiss and vacated the judgment. (Id. at 16.)

On April 21, 2016, Financial Defendants filed their Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 46.) They argue that, inter alia, regardless

5

of whether the law of the case doctrine is otherwise applicable, binding precedent requires the Court to conclude that <u>American Pipe</u> tolling does not apply to statutes of repose and Plaintiffs claims are untimely. (<u>Id.</u> at 12.) Defendants ask the Court to reconsider its Reconsideration Order and to grant Defendants' Motions to Dismiss. (<u>Id.</u> at 20.) On April 21, 2016, the Fund Defendants filed their Joinder Motion, in which they join the Motion for Reconsideration filed by the Financial Defendants. (ECF No. 47 at 1.)

On October 4, 2016, Defendants filed a notice of supplemental authority informing the Court of the recent decision by the Sixth Circuit in <u>Stein v. Regions Morgan Keegan Select High Income Fund, Inc.</u>, 821 F.3d 780 (6th Cir. 2016). (ECF No. 49.) Defendants contend that <u>Stein</u> is dispositive of their Motion for Reconsideration, that their pending motions should be granted, and that Plaintiffs' claims should be dismissed with prejudice. (<u>Id.</u>)

On October 6, 2016, the Court ordered Plaintiffs to show cause within fourteen (14) days why Defendants' Motion for Reconsideration and the Joinder Motion should not be granted. (ECF No. 50.) Plaintiffs did not respond.

**II.  Standard of Review**

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates

6

fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

Local Rule 7.3 provides that "any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order" because of "the occurrence of new material facts or a change of law occurring after the time of such order."  L.R. 7.3(a)-(b).

### III. Analysis

After the Court opined in its Reconsideration Order that the Sixth Circuit had not clearly decided whether American Pipe tolling applied to statutes of repose, the Sixth Circuit decided Stein.  Stein held that "American Pipe tolling . . . does not apply to statutes of repose."  821 F.3d at 794-95.

The Court's Reconsideration Order is now inconsistent with binding Sixth Circuit authority.  Stein is a change of law that warrants revision of the Reconsideration Order.  L.R. 7.3(b). Stein accords with the Court's earlier Dismissal Order, which held that American Pipe tolling does not apply to statutes of repose and which decided that all of Plaintiffs' claims are barred as untimely.  (ECF No. 35 at 6-8, 11-12.)  Plaintiffs offer no reason why all of their claims should not be dismissed

7

with prejudice in light of Stein.  Consistent with the Dismissal Order, all of Plaintiffs' claims against Defendants are DISMISSED with prejudice.

**IV. Conclusion**

For the foregoing reasons, Defendants' Motion for Reconsideration and the Joinder Motion are GRANTED.  The Reconsideration Order, ECF No. 45, is SET ASIDE.  Defendants' Motions to Dismiss, ECF Nos. 8 and 10, are GRANTED.  All of Plaintiffs' claims against Defendants are DISMISSED with prejudice.

So ordered this 15th day of November, 2016.

                    /s/ Samuel H. Mays, Jr.
                    SAMUEL H. MAYS, JR.
                    UNITED STATES DISTRICT JUDGE